CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 0 5 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNADETTE HARPER,            ) | |
|     Plaintiff,                              ) | Civil Action No. 7:07-cv-00155 |
|                                                   ) | |
| v.                                                      ) | MEMORANDUM OPINION |
|                                                   ) | |
| MAJOR GEE, et al.,                       ) | By: Samuel G. Wilson |
|     Defendants.                       ) | United States District Judge |

Plaintiff, Bernadette Harper, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Harper alleges that the defendants failed to protect her from violence by another inmate. However, Harper concedes in her petition that although she did file an informal complaint form to the defendants regarding this inmate, she never pursued her claim through the institution's grievance procedure. Accordingly, because Harper has not exhausted her administrative remedies before filing this action, the court dismisses her suit without prejudice pursuant to 42 U.S.C. § 1997e(a).

I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In her

complaint, Harper states that she submitted an informal complaint form to the defendants but that she never received a response back and, therefore, did not pursue her claims through the institution's grievance procedure. Accordingly, the court finds that Harper has not exhausted all available administrative remedies before filing the instant complaint.

## II.

For the stated reasons, Harper's petition is dismissed pursuant to §1997e(a) for failure to exhaust.

ENTER: This 5TH day of April, 2007.

_____
United States District Judge